## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 3628 |
| v. | ) ) | Judge Aspen<br>Magistrate Judge Cole |
| ROSELAND COMMUNITY HOSPITAL ASSOCIATION, an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF FILING

TO:     Michael L. Molinaro
        Loeb & Loeb, LLP
        321 N. Clark Street
        Suite 2300
        Chicago, IL 60610

PLEASE TAKE NOTICE that on July 24th, 2008, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Defendant, Roseland Community Hospital Association's Answer to Complaint, a copy of which is attached hereto and herewith served on you.

Roseland Community Hospital Association

by _____

One of the Attorneys for Defendant

Martin D. Tasch
Lebow, Malecki & Tasch, LLC
1200 Jorie Blvd., Suite 329
Oak Brook, IL 60523
(630) 571-9000

### CERTIFICATE OF SERVICE

Under penalties of perjury pursuant to 28 U.S.C. Section 1746, the undersigned states that true and correct copies of the above and foregoing Notice and Answer to Complaint were served on counsel of record, via electronic transmission, on July 24, 2008.

Signed and Certified By_____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | ) ) ) | Case No. 08 CV 3628 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Aspen |
| | ) | Magistrate Judge Cole |
| ROSELAND COMMUNITY HOSPITAL ASSOCIATION, an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER TO COMPLAINT

Defendant, ROSELAND COMMUNITY HOSPITAL ASSOCIATION ("Roseland"), by

its attorney, Martin D. Tasch, for its Answer to Plaintiff's Complaint, states as follows:

### NATURE OF THE ACTION

### ALLEGATION NO. 1

This is a straightforward action resulting from Roseland's refusal to pay for goods sold
and delivered to Roseland by ABDC. ABDC sold these goods to Roseland on credit through two
open accounts. Roseland was required to pay ABDC for the goods pursuant to the terms set forth
in the invoices. Accordingly, Roseland is obligated to pay the full amount due and owing on the
two open accounts plus applicable interest and late charges. Roseland has failed to make
payment to ABDC.

### ANSWER:

Roseland admits it purchased goods on credit using two open accounts, that it was

required to pay for goods if ABDC fully complied with its obligations, and that it has not paid

demanded sums. Roseland denies the remaining allegations contained in paragraph 1.

### THE PARTIES

### ALLEGATION NO. 2

ABDC is a Delaware Corporation and conducts business at 1300 Morris Drive, Chesterbrook, Pennsylvania 19087.

**ANSWER:**

Roseland is without sufficient knowledge or information to form a belief as to the

allegations contained in paragraph 2.

**ALLEGATION NO. 3**

Roseland is an Illinois not-for-profit corporation and conducts business at 45 West 111th Street, Chicago, Illinois 60628.

**ANSWER:**

Roseland admits the allegations contained in paragraph 3.

**JURISDICTION AND VENUE**

**ALLEGATION NO. 4**

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**

Roseland admits the allegations contained in paragraph 4.

**ALLEGATION NO. 5**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because Roseland's principal place of business is Chicago, Illinois. Pursuant to 28 U.S.C. §1391(c) "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

**ANSWER:**

Roseland admits the allegations contained in paragraph 5.

**BACKGROUND**

**ALLEGATION NO. 6**

ABDC is a distributor of medical and pharmaceutical products.

**ANSWER:**

Roseland is without sufficient knowledge or information to form a belief as to the

allegations contained in paragraph 6.

**ALLEGATION NO. 7**

Roseland is a hospital that was a customer of ABDC.

**ANSWER:**

Roseland admits the allegations contained in paragraph 7.

**ALLEGATION NO. 8**

From approximately 2003 to 2007, Roseland purchased pharmaceuticals and other goods
("Goods") from ABDC on credit through two open accounts: Account No. 019037481 and
Account No. 019008086.

**ANSWER:**

Roseland admits the allegations contained in paragraph 8.

**ALLEGATION NO. 9**

ABDC sold Goods to Roseland on credit which required Roseland to pay for such
Goods under terms set forth in the invoices provided to Roseland.

**ANSWER:**

Roseland it was required to pay for goods if ABDC fully complied with its obligations.
Roseland denies the remaining allegations contained in paragraph 9.

**ALLEGATION NO. 10**

Roseland paid for many of the Goods purchased from ABDC.

**ANSWER:**

Roseland admits the allegations contained in paragraph 10.

## ALLEGATION NO. 11

However, Roseland has failed and refused to pay for Goods sold and delivered to Roseland as identified on the open accounts receivable statement attached hereto and incorporated herein as Exhibit "A" for Account Number 019037481 in the amount of $9,734.73 and on the open accounts receivable statement attached hereto and incorporated herein and marked Exhibit "B" for Account Number 019008086 in the amount of $125,316.66.

## ANSWER:

Roseland admits failure and refusal to pay as set forth in the Complaint, but denies it was obligated to do so.  Roseland denies the remaining allegations of paragraph 11.

## ALLEGATION NO. 12

Roseland is in default of its obligations to ABDC because, among other things, it has failed to make payments when due pursuant to the terms of the invoices.

## ANSWER:

Roseland denies the allegation contained in paragraph 12.

## ALLEGATION NO. 13

As a result of the foregoing defaults, the principal amount of at least $135,051.39 is immediately due and payable from Roseland to ABDC.

## ANSWER:

Roseland denies the allegations contained in paragraph 13.

## COUNT I
## BREACH OF CONTRACT

## ALLEGATION NO. 14

14.    For this paragraph 14, ABDC realleges and incorporates herein by reference the allegations of paragraphs 1 -13 of this Complaint as though they were fully set forth.

## ANSWER:

Roseland answers as in paragraphs 1-14 above.

## ALLEGATION NO. 15

4

15.    Roseland has failed to make payments to ABDC in accordance with Roseland's obligations under the invoices and is otherwise in default of its obligations.

**ANSWER:**

Roseland admits it has not made payments, but denies it was obligated to do so, and further denies the remaining allegations contained in paragraph 16.

**ALLEGATION NO. 16**

16.    As a result of the foregoing defaults, an amount in excess of $135,051.39 is immediately due and payable from Roseland.

**ANSWER:**

Roseland denies the allegations contained in paragraph 16.

**ALLEGATION NO. 17**

17.    All conditions precedent to ABDC's right to recover the above amount from Roseland have been performed or have occurred.

**ANSWER:**

Roseland denies the allegations contained in paragraph 17.

**COUNT II**
**BREACH OF ACCOUNT STATED**

**ALLEGATION NO. 18**

18.    For this paragraph 18, ABDC realleges and incorporates herein by reference the allegations of paragraphs 1-17 of this Complaint as though they were fully set forth.

**ANSWER:**

Roseland answers as in paragraph 1-18 above.

**ALLEGATION NO. 19**

19.    Beginning in or about June 2003, ABDC had an ongoing business relationship with Roseland pursuant to which ABDC sold the Goods to Roseland, and Roseland was to pay for such Goods in accordance with the terms of the various statements of account sent from ABDC to Roseland.

5

**ANSWER:**

Roseland admits the allegations contained in paragraph 19.

**ALLEGATION NO. 20**

20.    ABDC invoiced Roseland for the Goods detailed above, which Goods were shipped at Roseland's request.

**ANSWER:**

Roseland admits the allegations contained in paragraph 20.

**ALLEGATION NO. 21**

21.    Roseland had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

**ANSWER:**

Roseland denies the allegations contained in paragraph 21.

**ALLEGATION NO. 22**

22.    Roseland never timely objected to the amounts set forth in ABDC's invoices.

**ANSWER:**

Roseland denies the allegations contained in paragraph 22.

**ALLEGATION NO. 23**

23.    Despite repeated demand, Roseland has failed to pay ABDC the total amounts due as invoiced.

**ANSWER:**

Roseland denies the allegations contained in paragraph 23.

**ALLEGATION NO. 24**

24.    As a direct and proximate result of Roseland's failure to pay its accounts as stated, ABDC has been damaged in an amount in excess of $135,051.39.

**ANSWER:**

Roseland denies the allegations contained in paragraph 24.

**COUNT III**
**UNJUST ENRICHMENT**

### ALLEGATION NO. 25

25.    For this paragraph 25, ABDC realleges and incorporates herein by reference the allegations of paragraphs 1 - 24 of this Complaint, as though they were fully set forth.

### ANSWER:

Roseland answers as in paragraphs 1-25 above.

### ALLEGATION NO. 26

26.    ABDC conferred a benefit upon Roseland, to which Roseland was not entitled, by providing Roseland with the Goods.

### ANSWER:

Roseland denies the allegations contained in paragraph 26.

### ALLEGATION NO. 27

27.    Despite demand, Roseland has refused to return the Goods and/or to pay for them.

### ANSWER:

Roseland denies the allegations contained in paragraph 27.

### ALLEGATION NO. 28

28.    By accepting delivery of the Goods, retaining them, and not paying ABDC for them, Roseland has been unjustly enriched at ABDC's expense, in an amount in excess of $135,051.39, thereby damaging ABDC.

### ANSWER:

Roseland denies the allegations contained in paragraph 28.

Respectfully submitted,
Roseland Community Hospital Association


By:    /s/   Rhonda Stuart

One of its attorneys

Martin D. Tasch
Rhonda Stuart
Lebow, Malecki & Tasch, LLC
1200 Jorie Boulevard
Suite 329
Oak Brook, Illinois 60523
(630) 571-9000
**Dated:  July 24, 2008**